GILROY, Appellant, v. UNITED RAILWAYS COM-
PANY, Respondents.

St. Louis Court of Appeals, May 14, 1907.

**STREET RAILWAYS: Lessor and Lessee: Liability of Lessor for
Lessee's Torts.** The owner and lessor of a street railway sys-
tem is not liable for the torts of its lessee in full charge of the
operation and management of the system. [Following Moors-
head v. United Railways Company, 119 Mo. App. 541.]

Appeal from St. Louis City Circuit Court.—*Hon.
O'Neill Ryan,* Judge.

AFFIRMED.

*Ernest E. Wood* for appellant.

*Boyle & Priest* and *Edward T. Miller* for respond-
ent.

NORTONI, J.—This suit is for personal injuries al-
leged to have been received by plaintiff while a passen-
ger on defendant's street car, through the negligence of
those in charge of the car. The suit was instituted and
prosecuted against both the St. Louis Transit Company
and the present defendant, the United Railways Com-
pany jointly, on the theory that the two companies were
partners in the operation of the road and that even
though the St. Louis Transit Company was the actual
operator thereof, it was the agent of the United Rail-
ways Company, the owner, and therefore the two com-
panies were jointly liable for the consequences of the
negligent act on which the suit is predicated.

Upon a trial before a jury in the circuit court,
plaintiff made proof of the merits of his case and showed
that the car on which he was a passenger was actually
owned by the defendant, United Railways Company, as

was also the tracks upon which it was being operated, but at the time of his injury, it was, as was the entire system, being actually operated by the St. Louis Transit Company under a lease from the United Railways Company, and that the plaintiff was a passenger of the St. Louis Transit Company, the negligent act of which, by its servants, in the operation of the road, caused his injury. · The court referred the case to a jury on instructions and the jury returned a verdict for plaintiff, awarding him $2,500 damages jointly against both companies. The only proof introduced by the plaintiff in his effort to establish the responsibility of the present defendant, United Railways Company, was the lease dated September 30, 1899, whereby the United Railways Company let its cars and tracks to the St. Louis Transit Company for a term of forty years in consideration of certain reservations of rent therein stipulated, which lease is fully set out in the case of·Moorshead v. United Railways Company, 119 Mo. App. 541, 96 S. W. 261. In view of this, the learned trial judge sustained the motion of the United Railways Company for a new trial and set the verdict aside, giving an opinion that the plaintiff had failed to establish the responsibility of that company for the negligent act of its lessee. Therefore the only question presented in this court on appeal is whether or not the judgment of the trial court on the law question involved is sound. The question is identical with that involved in the case of Moorshead v. United Railways Company, 119 Mo. App. 541, wherein this court adjudged that defendant lessor could not be held under the lease mentioned for the negligent acts of its lessee, the St. Louis Transit Company, in operating the road, in which negligent act the defendant did not participate and over which it had no control. Since the adjudication mentioned, that case has been affirmed by the unanimous bench of our Supreme Court in banc.upon a certi-

fication thereto from this court, as will more fully appear by reference to 203 Mo. 121, 100 S. W. 611.

For the reasons given in the case referred to, the judgment in this case will be affirmed. It is so ordered.

*Goode, J.,* concurs; *Bland, P. J.,* in result.